Filed 2/19/16  P. v. Urbano CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ANTHONY DAVID URBANO,<br><br>        Defendant and Appellant. | C078752<br><br>(Super. Ct. No. 10-2734) |

Defendant Anthony David Urbano appeals from the trial court's order denying his petition for resentencing pursuant to Penal Code section 1170.18.[1]  Representing himself on appeal, defendant contends the trial court erred in finding that his conviction for robbery (§ 211) was ineligible for resentencing.  We affirm.

---

[1]    Undesignated statutory references are to the Penal Code.

1

BACKGROUND

In December 2008, defendant robbed a Woodland Jo-Ann's store at gunpoint, getting about $150 from a cash register.

After a hung jury and mistrial, on retrial, a jury convicted defendant of second degree robbery with a personal use of a firearm enhancement. (§ 12022.53, subd. (b).) The trial court sentenced defendant to a 13-year state prison term. Defendant appealed, and we affirmed his conviction in an unpublished opinion.

Defendant subsequently filed a petition for resentencing on his robbery conviction pursuant to section 1170.18. The trial court denied the petition, finding defendant's conviction was ineligible for resentencing.

DISCUSSION

Proposition 47 requires "misdemeanors instead of felonies for nonserious, nonviolent crimes . . . unless the defendant has prior convictions for specified violent or serious crimes." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, subd. (3), p. 70.) It also added section 1170.18 to the Penal Code, which provides that a person who is "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . ." In section 3, titled "Purpose and Intent," Proposition 47 states, "In enacting this act, it is the purpose and intent of the people of the State of California to: [¶] (1) Ensure that people convicted of murder, rape, and child molestation will not benefit from this act." (*Id.*, subd. (1).)

Defendant contends he was entitled to resentencing because robbery was not one of the offenses listed in Proposition 47's statement of purpose and intent. We disagree.

Section 1170.18 sets forth the crimes subject to resentencing. "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who

would have been guilty of a misdemeanor under the act that added this section ("this act") had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Sections 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." (§ 1170.18, subd. (a).) Robbery, which is defined in section 211, divided into first and second degrees in section 212.5, and the punishment set forth in section 213, is not among the felonies subject to resentencing under section 1170.18. Defendant's contention is therefore without merit.

DISPOSITION

The judgment (order) is affirmed.

         NICHOLSON     , Acting P. J.

We concur:

     ROBIE          , J.

     MAURO         , J.